UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRED LEE WEST,

     Plaintiff,

v.                                                              Case No. 4:19cv568-WS-HTC

BRODERIC V ROBERSON,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Fred Lee West, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF Doc 1) and an amended complaint, (ECF Doc 5), alleging claims of excessive force.[1]  The amended complaint is now before the Court for preliminary screening under 28 U.S.C. § 1915A.  For the reasons which follow, the undersigned respectfully recommends that this action be dismissed as malicious for abuse of the judicial process. Specifically, Plaintiff failed to disclose at least four (4) prior cases he had filed, including several cases that were dismissed prior to service.

---

[1] The allegations relate to conduct that occurred while Plaintiff was incarcerated at Jefferson Correctional Institution.  Plaintiff is currently incarcerated at Hamilton Correctional Institution. http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=040058&TypeSearch=AI.

West filed the original complaint on his own form, and disclosed two prior cases: (1) *West v. Smith, et al.*, 1:2002cv22647, in the Florida Southern District Court, which had been dismissed as a strike under 28 U.S.C. § 1915(g); and (2) *West v. Twiggs et al.*, 3:2016cv00428, in the Florida Middle District Court (1983 prison conditions), which he represented was dismissed because of "settlement negotiate [sic]." ECF Doc. 1 at 5. West did not disclose any other previously filed suits (except an appeal of his criminal conviction pending before the Second District Court of Appeals).

The amended complaint was filed on the Court's official form. At the end of the complaint form, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." ECF Doc. 5 at 7. Despite that declaration, Plaintiff made several false representations on the complaint form.

Section IV. of the civil rights complaint form, titled Previous Lawsuits, asks: "C. Have you initiated other actions… in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"; and "D. Have you ever

had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  ECF Doc. 1 at 5.  The form requires Plaintiff to identify and describe any cases responsive to the questions.

In response to Question IV. C., West did not check "Yes" or "No", and he only disclosed his 2nd DCA appeal of his criminal conviction.  In response to Question IV. D., where he was asked about cases in federal court that were dismissed as frivolous, malicious, failing to state a claim, or prior to service, he disclosed only *West v. Smith, et al.*, 02-22647-CIV-HUCK from the Southern District and claimed it was dismissed because it was "SETTLED."  A review of the online docket, however, shows that the court granted summary judgment for Defendants in 2004 (ECF Doc 81 in that case).

Even though the form informed West that he could attach extra pages to list more cases, he did not disclose any other cases, not even the *Twiggs* case from the Middle District that he disclosed in the original complaint.  Thus, West swore that, at the time he filed his amended complaint on December 11, 2019, he had not filed any federal case related to the fact or manner of his incarceration (other than a direct appeal of his conviction), and had only filed one (1) federal case dismissed as frivolous, malicious, failing to state a claim, or before service.

West's representations to the Court, however, were not truthful or accurate.  To the contrary, at the time West filed his complaint, West had filed at least four (4)

prior civil rights cases alleging claims arising out of the conditions of his confinement or relating to the fact of his incarceration, including at least one that was dismissed prior to service.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

Upon such an investigation in this case, the undersigned discovered that, at the time West filed his complaint on November 18, 2019, and his amended complaint on December 11, 2019, he had filed under his name and Florida Department of Corrections registration number, 040058, the following cases, which he failed to disclose to the Court:

- 3:1995cv00392, *West v. Singletary, et al.*, Florida Middle District Court (2254); transferred to the Tampa division and became  8:1995cv00761, which was dismissed prior to service.

- 8:1995cv01048, *West v. Singletary, et al*., Florida Middle District Court (2254); Petition denied on the merits in 1998.

- 8:2001cv01770, *West v. Moore, et al*, Florida Middle District Court (2254); Petition dismissed prior to service as successive petition.

- 3:2015cv01076, *West v. COII Arkinson et al*, Florida Middle District Court (1983 prison conditions); voluntarily dismissed by Plaintiff prior to service

West did not disclose these federal actions on his original complaint or on this Court's complaint form, despite the complaint form's clear instructions.

The Court has the authority to control and manage matters pending before it, and West's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, West falsely responded to questions on the complaint form, as detailed above. West knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[2] ECF Doc 5 at 3. If West suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow West's false responses to go unpunished.

An appropriate sanction for West's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla.

---

[2] Plaintiff did not indicate he was unsure about his litigation history.

July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2));

*Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

Accordingly, it is respectfully RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) as malicious for West's abuse of the judicial process.

2.    That the clerk be directed to close the file.

Done in Pensacola, Florida, this 5th day of February, 2020.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.